### CAMP *vs.* MORGAN.

This case had been called at several terms, and had been continued to allow the parties to arbitrate; and at the term preceding that at which the judgment was rendered, the court announced that at the next term the case would be tried when called, unless settled by the parties. At the next term, when it was called, no motion for continuance was made. Counsel for plaintiff in error stated that his client was not present, and he did not know why he was absent, but that under the rules he would have to be ready; and the case thereupon went to trial. An agreement between the parties to arbitrate the case, and that the case, when called, should be continued, which agreement was not even communicated to the court, does not furnish good reason to set aside the judgment rendered, under the above stated facts.

December 19, 1888.

Practice. Judgments. Reinstatement. Before Judge MADDOX. Polk superior court. February term, 1888.

Reported in the decision.

JANES & RICHARDSON and BLANCE & NOYES, for plaintiff in error.

A. T. WILLIAMSON and E. N. BROYLES, *contra.*

BLANDFORD, Justice.

The complaint here is that the court below refused the motion of the plaintiff in error to set aside the judgment rendered against him in this case and to reinstate the case. The ground of the motion was, that the parties had agreed to arbitrate the case, and that the case, when called in court, should be continued, so as to enable them to arbitrate; but that notwithstanding this, the case was called by the court and brought to trial, and a verdict rendered against the defendant, who is the plaintiff in error here. This agreement between the parties

was not communicated to the court. The case had been called at several previous terms, and had on each occasion been continued to allow these parties to arbitrate; and at the term preceding that at which this judgment was rendered, the court announced that at the next term the case, when called, would be tried, unless settled by the parties, and that no further continuance by consent of the parties would be granted. When the case was finally called for trial, no motion was made for a continuance, and movant's counsel stated that his client was not present, and he did not know why he was absent, but that under the rules he would have to be ready. The case thereupon went to trial, and judgment was rendered against the plaintiff in error.

When cases are brought into court, they are not wholly at the disposal of the parties. The plaintiff, under the statute, may dismiss his case, either in vacation or in term time; and the parties may settle a case without the intervention of the court; but the proceedings of the court are under the control of the presiding judge, and the case cannot be continued without his permission. In this case, there was no motion to continue the case when called, nor was the attention of the court called to this agreement of the parties, counsel being ignorant of the same. We therefore see no abuse of his power or discretion in trying the case, or in refusing to set aside the judgment and reinstate the case.

Judgment affirmed.