### THE BALLARD TRANSFER COMPANY *v.* CLARK.

1. A magistrate, when not presiding in court, does not act judicially in answering questions put by counsel on a court day, whether or not a given case has that day been called, and counsel shaping his conduct by such answer must take the risk of its being correct.

2. By virtue of the act of October 8th, 1885, a justice's court may hold from day to day until its business is disposed of. A petition for *certiorari* which alleges that the regular court day was on the first Monday of the month, and that the judgment in question was rendered on the twelfth day of the month, without alleging that the court did not sit from day to day, or that its business was disposed of before the 12th day of the month, or that for some reason it was not in legal session, does not call upon the presiding magistrate to show by his answer that his court was legally in session on the latter day.

3. A bill of particulars attached to a summons in a justice's court is an office paper of the court, and when lost a copy may be established *instanter.* That this was done and that the copy may not have been correct, will not be cause for reversing the final judgment in the case, if the judgment itself was free from material error.

4. The evidence as recited in the magistrate's answer warranted the judgment, and the superior court committed no error in disposing of exceptions to the answer, in dismissing the traverse, or in overruling the *certiorari* and affirming the judgment.

November 14, 1892.

Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1892.

Clark obtained a judgment in a magistrate's court against the Ballard Transfer Company, which took the case by *certiorari* to the superior court. In that court

the company excepted to the answer of the magistrate, and the court overruled the grounds of exception. It thereupon traversed the answer, and the court overruled each of the grounds of traverse, and after hearing the cause, ordered that the *certiorari* be dismissed and the judgment be affirmed. The company excepted.

The petition for *certiorari* alleged: Clark sued petitioner in a magistrate's court, and judgment was rendered for plaintiff, which was set aside by the superior court on *certiorari*. Defendant thereafter sent regularly to the justice's court after each court day to see if the case had been called for trial. The court day of said justice's court is the first Monday in each month, and it is customary for lawyers, when otherwise occupied, to send up after the call, and if any case has been called, to agree upon a day for trial. After the call on the first Monday in September, petitioner's attorneys sent to A. A. Manning, justice of said court, and asked if they had any cases called, and he replied that no cases of theirs had been called. The messenger, by instruction, further asked about the case now in question, and the justice replied that it had not been called because the papers had not been sent back, thereby misleading and deceiving petitioner, because no cases are ever tried in a justice's court except those called upon a court day. At said time the case had in fact been called and set for the 12th of September. On that date plaintiff appeared and established as a copy of the original bill of particulars, upon the ground that the bill of particulars had been lost, what was not a copy, the total amount being the same, but the original bill of particulars being more specific and differing in some other particulars from the alleged copy. (The established copy and the original are set out in the petition for *certiorari*.) The original bill of particulars was in the office of defendant's attorneys, they having obtained it to make their former petition for *certiorari* and having given a receipt therefor.

It had not been returned to the justice because it had not been asked for. Plaintiff herself then swore that she gave the defendant the trunk (one of the items in the bill of particulars); that the trunk had in it the things named in the bill of particulars; that they were worth the amount stated in the bill of particulars; that she had never got them back; and that she went to get the trunk and did not get it. She introduced no other evidence. Petitioner assigns as error: (1) the establishment of an incorrect bill of particulars; (2) the establishment of a bill of particulars without any proof; (3) the rendition of a judgment upon the evidence introduced, the evidence not being sufficient; (4) the evidence was specially insufficient when plaintiff or her attorney knew that the trunk was in the possession of defendant subject to plaintiff's order; (5) it was illegal to try the case upon September 12th, without any consent, the same not being the court day for said court; (6) because defendant was deceived by the false statement of the justice, plaintiff not desiring to impute improper motives to the justice, but charging that his conduct amounted to legal fraud.

The magistrate answered: After the order of the court directing a new trial had reached me, I called the case in its order at the next term, and set it down for trial. On the day set plaintiff and her counsel were present and announced ready. The bill of particulars had been lost or mislaid, and plaintiff's counsel made a substantial copy and asked to establish it. As it had been lost from the possession of the court, I allowed it to be established and the trial to proceed. Plaintiff swore that she placed her trunk in the possession of defendant company and took their check for the same, and produced the check in evidence. She also swore that the goods mentioned in the bill of particulars were in the trunk, belonged to her and were worth $79; that she had called several times and asked for the trunk

and had failed to get it, or its contents or its value. As to the original bill of particulars, I do not know where it was; it was not in the office. Defendant was not represented on the trial or the call of the docket. If any one sent to inquire about the case, I have no recollection of it, and do not think it occurred. It is not the general practice or custom for attorneys to send after the call and find out about their cases, unless my attention is called, etc. I gave judgment against defendant for $79.

The exceptions to the answer were, that the justice does not state positively whether or not inquiry was made of him at the conclusion of his call, on the first Monday in September, 1889, as to whether the case had been set for trial; and he does not state whether or not the day upon which the case was tried was the court day for said court. The traverse was: The justice claims in his answer that, to the best of his recollection, no one was sent to his office on court day inquiring whether the case had been set for trial. Defendant denies the truth of this, and says the facts set forth in its petition are true. The statement of the justice that it is not the general practice and custom for attorneys to send after his call to find out about their cases, except under certain conditions stated in his answer, is not true. Defendant denies the truth of said answer, and affirms the truth of the allegations in the petition for *certiorari* touching this subject, etc.

BURTON SMITH and W. H. POPE, by brief, for plaintiff in error.

JOHN CLAY SMITH, by R. R. ARNOLD, *contra.*

BLECKLEY, Chief Justice.

From the head-notes, read in connection with the reporter's statement of the facts, this case and the rulings of the court thereon will be fully understood. No principle of law is involved of sufficient importance to be discussed.                    *Judgment affirmed*