## BOSTAIN v. MORRIS & BROTHER.

1. By the act of October 8th, 1885, a justice's court may hold from day to day until its business is disposed of. No limit upon this power results from a publication by the magistrate that his court will continue in session fifteen days. *Ballard Transfer Co.* v. *Clark,* 91 *Ga.* 234.

2. When a pending case is suspended to give opportunity to the parties to settle, and a settlement is attempted but fails, both parties knowing of the failure, neither is entitled to notice when the case will afterwards come up for trial. *Judgment affirmed.*

November 6, 1893.

*Certiorari.* Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1893.

Suit was brought to the March term, 1892, of a justice's court, and the case was set for trial on March 15. On the trial it appeared that the accounts between the parties were so complicated and mixed up that it would be a hard task to arrive at the true status of the case, and the justice suggested that perhaps a better conclusion could be arrived at by both parties getting together with their accounts, finding out the difference and settling the matter between themselves. To this both sides agreed, but the case was not dismissed. At the April term the plaintiffs' counsel stated to the court that no settlement could be obtained, and the case was reset for trial on the 20th of April, on which day only the plaintiffs' side appeared, and judgment was awarded to them. To the levy of the execution the defendant filed an affidavit of illegality, sworn to September 29, 1892. In this affidavit it is alleged that the judgment was not rendered at the legal court day for holding the justice's court, "said court advertising that its court would be open from the first Monday in each month for fifteen days thereafter"; that the 20th of April was not a regular court day, but was two days beyond the April term which commenced on April 4; that the court's suggestion that the parties

get together and settle the matter between themselves, left defendant under the impression that the suit was dismissed so far as the court was concerned, and that he would not have to attend court longer on the case; that it was called up at the April term without notice to him, and without his knowledge or consent; and that "he does not owe said debt or any part thereof." On demurrer this affidavit was dismissed by the justice, and on *certiorari* the judgment of dismissal was sustained.

THOMAS L. BISHOP, for plaintiff in error.
HUTCHESON & KEY, *contra.*