## WATKINS *v.* ELLIS.

A magistrate when not presiding in court does not act judicially in answering questions put by parties as to whether or not a case will be tried at the term to which the same is returnable, or will be continued to a subsequent term; and a party shaping his conduct by such answer must take the risk of the opposite party objecting to a postponement of the case and insisting upon a trial of the same at the time fixed by law.

Submitted October 17, — Decided November 18, 1898.

Certiorari.    Before Judge Beck.    Butts    superior    court. February term, 1898.

*B. P. Bailey*, for plaintiff in error.

COBB, J. On June 2, 1897, Ellis brought suit against Watkins in a justice's court, on an account. The summons was returnable to a term of the court to be held on the 19th day of June. On June 12 the defendant filed a plea, in which he denied that he was indebted to the plaintiff on the account sued on. At the term of the court to which the summons was returnable the case was called in its order for trial, and the defendant not appearing, the plaintiff testified in his own behalf to facts which would make out his case, and thereupon the justice rendered judgment against the defendant for the amount sued for. On June 28 the defendant applied to the judge of the superior court for a writ of certiorari, alleging in the petition that "at the time he lodged his written plea under oath with said court on the 12th day of June, 1897, the said E. C. Robinson, the justice of said court, told . . petitioner that he need not attend the June term of said court, as that was the first term; the case would not be tried at the June term of said court, but would go over to the July term of said court for trial. Therefore . . petitioner did not attend the June term of said court for the purpose of proving his defense to said suit"; and that, "but for the fact the court told him at the time of filing his plea to said suit that he need not attend the June term of said court, he would have been at the court at the time said case was called, and proved his defense to the same; that he did not know judgment had been rendered against him until after the time allowed by law for appeal had expired; that he has a good and valid defense to said suit, and is ready to prove the same on the trial of said case on its merits." The petition alleged that the court erred in allowing plaintiff to take judgment in the case and in rendering judgment at the June term, and in not continuing the case until the July term. The answer of the justice stated, in substance, that about two weeks before the court was held at which the judgment was rendered, the defendant came to the office of respondent and filed with him the written plea which is above referred to, and asked respondent if he (defendant) would have to attend court. Respondent asked him if he had a lawyer, and upon his replying, "No," then asked him if he had any witnesses, to which he replied.

that he had not. Thereupon respondent told him that he did not see that it would do any good for him to attend court. This was all that was said, and nothing was said about June or July term of the court. Defendant did not intimate that he wanted the case continued, nor did respondent intimate that the case would be continued. The defendant traversed that part of the answer of the justice above referred to, alleging in his traverse that the justice told him at the time he filed his plea that he need not attend the June term of the court; that as that was the first term, the case would go over for trial to the July term, and that this statement was made at the office of the justice some days "before court." Upon demurrer to the traverse the same was stricken, and the presiding judge, after hearing the certiorari upon the petition and answer, overruled the same. To the decision of the judge striking the traverse and overruling the certiorari the defendant excepted.

It is unnecessary to determine whether the traverse was properly stricken on demurrer, as we propose to deal with the case just as if the answer of the justice had contained what was contended by the defendant to be the truth of the case. Dealing thus with the case, we are clear that no other judgment than one overruling the certiorari should have been rendered. The code declares that "All cases before a justice of the peace stand for trial at the time and place designated in the summons, and shall be then and there tried, unless continued according to law." Civil Code, §4133. It has been held that even on a court day a statement made by a magistrate when not actually presiding in court, as to whether or not a given case was that day called, was not such a judicial act on the part of the magistrate as to justify the person asking the question in shaping his conduct upon the answer, and that if the answer misled the party, he, having acted at his own risk in relying upon such answer, must take the consequences. *Ballard Transfer Co.* v. *Clark,* 91 *Ga.* 234. See also *Bostain* v. *Morris,* 93 *Ga.* 224. It would seem therefore that, for a stronger reason, a statement made by a magistrate when not actually presiding in court, and not even on a court day, would not be such a judicial act as would authorize a party to absent himself from a

term of the court thereafter held, and that if he relied upon the statement made by the magistrate he would do so at his peril. The plaintiff would have a right to insist upon the trial of his case at the term to which it was returnable, notwithstanding the statement by the justice, made out of court on a day other than a court day, that a continuance would be allowed the defendant. There was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*