**1112.** ATLANTIC COAST LINE RAILROAD COMPANY *v.* COHN & CO.

1. An exception in a petition for certiorari, that the lower court erred in refusing to continue the trial of the cause, presents nothing for the consideration of the reviewing court, when it appears that no motion was made at the trial to continue the case; and if the petition for certiorari contains no other assignment of error, it should be dismissed.

2. The fact that a magistrate or a judge has extrajudicially granted a party's sole counsel leave of absence, or has personally agreed to continue the trial of the case, does not require the grant of a continuance, and especially is there no abuse of discretion in proceeding to try the cause, where the personal extrajudicial statement or promise that the cause would be continued is made, not by the judge presiding at the time of the trial, but by his predecessor in office, and no motion for a continuance is presented to the court.

3. A magistrate, when not presiding in court, does not act judicially; and one who absents himself from court, upon a promise made by the magistrate when not actually presiding, that a leave of absence will be granted, or that the cause will be continued, does so at his own risk.

Certiorari, from Decatur superior court—Judge Spence. February 26, 1908.

Submitted June 10,—Decided October 21, 1908.

*Pope & Bennet, R. G. Hartsfield,* for plaintiff in error.

*Russell & Hawes,* contra.

RUSSELL, J. The plaintiff in error excepts to the dismissal of its certiorari. It appears from the allegations of the petition for certiorari, as admitted in the answer to be true, that Cohn & Company filed a suit in the justice's court, against the Atlantic Coast Line Railroad Company, returnable to the February term, 1907.

The suit was filed and the summons was issued by W. G. D. Tonge, N. P. and ex-officio J. P. The defendant filed its defense at the first term, and the case was appealed, by consent, to a jury in the justice's court. Thereafter the case seems to have been continued at the March, April, May, and June terms of the court. At the May term, 1907, of the superior court of Decatur county, J. H. Boyett was, upon the recommendation of the grand jury, appointed notary public and ex-officio justice of the peace, in place of W. G. D. Tonge. Boyett was commissioned prior to the July term, 1907, of the justice's court, and presided at the trial and at the rendition of the verdict sought to be reviewed and set aside by the certiorari. The case was tried, and verdict rendered in favor of the plaintiff on July 22, 1907. On that day, before the call of the docket, Boyett, the notary public and ex-officio justice of the peace, was informed, that R. G. Hartsfield, Esq., the counsel for the Atlantic Coast Line Railroad Company, was sick and under treatment; that he was not to be present on that day, and that he had leave of absence applying to the case of Cohn & Company v. Atlantic Coast Line Railroad Company. To this statement, made by Perry, an assistant in Hartsfield's office, Boyett replied that, as Hartsfield had no leave of absence from him, he would call the case and have it tried; and thereafter, in the absence of petitioner's attorney and of its witnesses, the magistrate did call the case for trial, and had a jury empaneled and sworn, who, after hearing the testimony in behalf of the plaintiff, returned a verdict against the petitioner in certiorari. It is uncontradicted that on the 18th of July, two weeks before the July term, 1907, of the justice's court at which the verdict was rendered, Hartsfield, who was the sole attorney for the defendant, the petitioner in certiorari, went to W. G. D. Tonge, who was still holding the position of notary public and ex-officio justice of the peace (Boyett not having been qualified), and stated to him, that he was in bad health, that his physician had advised him to leave his business and go away for awhile, and that his physical condition was such that he would not be able to attend the trial of the case, and, for this reason, he asked a leave of absence from the July term of the court, to apply to said case, and that the case be continued for the term. Tonge granted the attorney the leave of absence requested, and agreed to

continue the case. Upon the hearing in the superior court, the judge dismissed the certiorari, upon the ground that "the leave of absence granted by W. G. D. Tonge was not binding on the plaintiffs in this case, for the reason that said magistrate, Tonge, was without any authority to grant leave of absence from the term of the justice's court after his term of office had expired."

1, 2. We think the judge properly dismissed the certiorari. Even if Tonge, by reason of Boyett's failure to be qualified, had still been presiding justice at the July term of the justice's court, the party to whom leave of absence had been granted could have relied upon it only at his peril, and certainly Boyett, the magistrate who succeeded Tonge, was not bound by the extrajudicial leave of absence granted by his predecessor. Furthermore, the judge of the superior court could not review the exercise of judicial discretion by the magistrate, Boyett, because no motion had been made to continue the case when it was called in its order for trial. Boyett's statement that he had not given Mr. Hartsfield any leave of absence, and that thereafter the case would be tried, was itself an extrajudicial utterance, but the party who gave Boyett the information that Mr. Hartsfield was relying upon a leave of absence was thereby at least put upon notice of the necessity of making a legal showing for the continuance of the case, if such showing really existed. If, after Boyett's statement that the case when called would be tried, a showing had been made, when the case was called, that Mr. Hartsfield was absent, that his absence was due to providential cause, and that he was sole counsel for the defendant company, and if, after this showing, the justice's court had overruled the motion for continuance, the superior court would have had something to review. Nothing is better settled than that a reviewing court can only review actual occurrences in the lower court; and, therefore, a motion for continuance must have been made in the justice's court, before the judge of the superior court could determine whether there was an abuse of discretion in refusing a continuance.

The assignment of error in the petition for certiorari assumes that what transpired between magistrate Tonge and Mr. Hartsfield, and between magistrate Boyett and Mr. Perry, was equivalent to a motion for continuance, and that, therefore, the trial of the case in Mr. Hartsfield's absence, after Tonge had granted

the leave of absence on account of sickness, and after magistrate Boyett had been informed of that fact, was equivalent to the overruling of a motion for continuance actually presented to the justice's court. All of the authorities forbid our concurring in this view. In the first place, as we have stated above, the superior .court, in hearing certioraries, is restricted to the errors alleged to have been committed on the trial in the lower court, and the record fails to show that (even after the expression made by Boyett of his individual views) any motion was made to continue the case. See *Marchman* v. *Todd,* 15 *Ga.* 25 (6); *Knowles* v. *Coachman,* 109 *Ga.* 356 (34 S. E. 607); *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542); *Camp* v. *Morgan,* 81 *Ga.* 740 (8 S. E. 422).

Furthermore, neither the fact that Tonge, out of court, had granted the attorney leave of absence or that that fact was communicated to his successor, Boyett, afforded legal ground for continuance of the case. An exception in a petition for certiorari that the lower court erred in refusing to continue the trial of the cause presents nothing for the consideration of the reviewing court, when it appears that no motion was made at the trial to continue the case; and should the petition for certiorari contain no other assignment of error, it should be dismissed. The violation of a leave of absence extrajudicially granted out of court is not, however, such an abuse of discretion as could be reviewed by the superior court or by this court, even if a showing had been made and a motion for continuance had been predicated upon this ground.

3. A magistrate, when not presiding in court, does not act judicially, and one who absents himself from court upon a promise made by the magistrate when not actually presiding, that a leave of absence will be granted or that the cause will be continued, does so at his own risk. Civil Code, §4133. In *Ballard Transfer Co.* v. *Clark,* 91 *Ga.* 234 (18 S. E. 138), it appears that the magistrate, while seated on the bench, informed counsel that his case had not been called and set for hearing for a named day. As a matter of fact the case had been called and set for the 12th of September. The defendant's counsel was misled by the statement of the magistrate and stayed away from court on the 12th of September, when the case was tried and disposed of. Passing upon this state of facts, Chief Justice Bleckley says: "A magistrate, when not pre-

siding in court, does not act judicially in answering questions put by a counsel on court day, whether or not a given case has that day been called, and counsel shaping his conduct by such answer must take the risk of its being correct." In *Watkins* v. *Ellis*, 105 *Ga.* 797 (32 S. E. 131), the party contended that the magistrate had actually told him that he need not attend court, that the case would be continued, and he relied on this statement and did not attend, and judgment was rendered against him. The only difference between the *Watkins* case and this case, even conceding that Tonge had the right to bind the conduct of his successor, Boyett, is, that in the *Watkins* case the magistrate did not admit, as is done in this case, all of the allegations of the petition, and a traverse was filed to his answer. In regard to this difference, however, Judge Cobb, delivering the opinion, says: "It is unnecessary to determine whether the traverse was properly stricken on demurrer, as we propose to deal with the case just as if the answer of the justice had contained what was contended by the defendant to be the truth of the case. Dealing thus with the case, we are clear that no other judgment than the one overruling the certiorari should have been rendered. The code declares that 'All cases before a justice of the peace stand for trial at the time and place designated in the summons, and shall be then and there tried, unless continued according to law.'" He then cites the cases of *Ballard* v. *Clark*, supra, and *Bostain* v. *Morris*, 93 *Ga.* 224 (18 S. E. 649), and says: "It would seem, therefore, that, for a stronger reason, a statement made by a magistrate when not actually presiding in court, and not even on a court day, would not be such a judicial act as would authorize a party to absent himself from a term of the court thereafter held, and that if he relied upon the statement of the magistrate he would do so at his peril. The plaintiff would have a right to insist upon the trial of his case at the term at which it was returnable, notwithstanding the statement by the justice, made out of court on a day other than a court day, that a continuance would be allowed the defendant." The fact that in the *Watkins* case the promise to continue was made to a party and leave of absence was granted him, and that in the case at bar the leave of absence was granted to the counsel, can not in any wise affect the principle. There was no error in overruling the certiorari, and the judgment is          *Affirmed.*