22923. FLUELLEN *v.* THE STATE.

DECIDED APRIL 5, 1933.

*G. H. Williams, R. B. Williams,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of the offense of burglary, and assigns error on the overruling of his motion for a new trial. · The only special ground of the motion for a new trial alleges that counsel for the defendant "was given no time to make an investigation of the case or prepare for the defense." Counsel for the plaintiff in error relies upon the case of *McArver* v. *State,* 114 *Ga.* 514 (40 S. E. 779). The case at bar is easily differentiated from the *McArver* case, in that in that case, while there was no *formal* motion for a continuance, counsel for the defendant did "ask for sufficient time to procure the attendance of the witnesses." In the instant case there is nothing in the motion or in the record to show that the defendant or his counsel made any *formal* motion for a continuance, or a motion of any kind for a continuance, or any request for time to investigate the case or prepare for the defense. On the contrary, the court, in approving the amended motion for a new trial, stated that "the defendant's counsel made no motion for a continuance." Surely it can not be seriously contended that the defendant and his counsel can willingly go to trial without any intimation to the court that they wanted additional time, and then be entitled to a new trial because additional time was not granted. Such procedure would put the county to unnecessary expense, entrap the court, and defeat justice. *Zipperer* v. *Savannah,* 128 *Ga.*

135, 139 (57 S. E. 311) ; *Hunt* v. *State,* 102 *Ga.* 569 (27 S. E. 670). The evidence abundantly authorized, if it did not demand, the verdict of guilty, no error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*