49066, 49068. BEAVERS v. THE STATE (two cases).

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for the offense of burglary. The jury set his punishment at 19 years and sentence was duly entered thereon. The defendant's amended motion for new trial was overruled and appeal was taken to this court. Several of the defendant's grounds of motion for new trial have been abandoned. Thus, we consider the remaining grounds utilizing the numbering system employed in the enumeration of errors. *Held:*

1. Enumeration of error 6 contends that the defendant was denied effective counsel in violation of his rights under Article I, Section 1, Paragraph 5 of the Georgia Constitution, and under the 6th Amendment to the U. S. Constitution.

"It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for a conference and preparation . . . Lawyers are not required to be infallible . . . the ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict." *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346), where the Supreme Court further pointed out: "Counsel for the accused *did* engage in a battle for the rights of the accused, and the mere fact that defense counsel failed to

make objection to evidence, failed to move for a mistrial, failed to apply some other tactic, or did some things contrary to the judgment of present counsel representing the accused, does not justify applying to him the brand of incompetence." P. 177. See *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588).

There is no merit to this ground.

2. Enumeration of error 8 contends that the defendant was denied due process of law because of the failure to have a committal hearing.

"The holding of a commitment hearing is not a requisite to a trial for the commission of a felony. Code § 27-407 recites that it 'is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit.' " *Brand v. Wofford,* 230 Ga. 750 (2) (199 SE2d 231). See *Holmes v. State,* 224 Ga. 553 (2) (163 SE2d 803); *Burston v. Caldwell,* 228 Ga. 795 (3) (187 SE2d 900); *Phillips v. Stynchcombe,* 231 Ga. 430, 432 (202 SE2d 26).

3. Enumeration of error 9 asserts that the defendant was denied due process of law because he was not given the opportunity to make bail in violation of Code § 27-901, as amended (Ga. L. 1973, p. 454), and the "Seventh" [8th ?] Amendment to the U. S. Constitution.

Insofar as the record reveals, the defendant neither formally requested nor made application for bail and there is nothing to show he was prevented from doing so if he desired. Hence, this ground is not meritorious.

4. Ground 10 raises the issue of whether the failure to grant the defendant a continuance deprived him of liberty without due process of law under Art. I, Sec. I, Par. III of the Georgia Constitution, and under Ground 13 whether the court committed error in failing to grant the defendant's motion to quash the indictment. It is contended that the court should have treated the motion to quash the indictment as a motion for continuance and granted the defendant a continuance without a formal motion.

As set forth in Code § 81-1419: "All applications for continuances are addressed to the sound legal discretion

of the court." See Code § 27-2002. Where no motion for continuance was made, and no testimony under oath as to the necessity of a continuance was offered, a new trial will not be granted for the failure to grant a continuance. *Trammell v. State,* 183 Ga. 711, 714 (189 SE 529). See *Atlantic C. L. R. Co. v. Cohn & Co.,* 4 Ga. App. 854 (1) (62 SE 572); *Fluellen v. State,* 46 Ga. App. 689 (168 SE 922).

5. Enumeration of error 11 urges that there was a failure to bring the defendant before a magistrate within 72 hours as provided under Code § 27-210, as amended (Ga. L. 1956, p. 796), thus denying the defendant due process of law guaranteed by Art. I, Sec. I, Par. III of the Georgia Constitution.

Here, the defendant was brought before a magistrate within 72 hours after the arrest. Our Supreme Court has held that there is no requirement for a hearing within 72 hours after the arrest and the fact that one is not set until more than 72 hours after such arrest would not make prisoner's detention illegal. *Dodson v. Grimes,* 220 Ga. 269 (1) (138 SE2d 311).

6. Ground 12 sets out that the court's failure here to order a psychiatric examination of the defendant deprived him of the guarantee of due process of law.

Where as here there was no request made for psychiatric examination it was not error for the court examiner not to order one. See *Taylor v. State,* 229 Ga. 536 (192 SE2d 249), which pointed out that even if a request be made the trial judge has a sound discretion as to whether such request should be granted. *Brinks v. State,* 232 Ga. 13 (205 SE2d 247).

7. It is urged that the defendant was denied a trial by a fair and impartial jury (Art. I, Sec. I, Par. V of the Georgia Constitution) because the court constantly questioned the state's witnesses in violation of Code § 81-1104.

"The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some

of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character." *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78) (disapproved on other grounds in *Holcomb v. State,* 230 Ga. 525, 526 (3) (198 SE2d 179)). Here, as in *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374): "While it does not appear that the court committed harmful error in asking the questions, the failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal."

8.  Ground 16 complains that the appellant was denied due process of law because the court failed to have the jury publish the sentence of the defendant in open court.

Here, from the evidence the trial judge was authorized to find that the defendant waived the right to be present in open court at the time of the return of the jury's verdict. See in this connection *Fowler v. Grimes,* 198 Ga. 84, 94 (31 SE2d 174); *Sullivan v. State,* 229 Ga. 731, 732 (194 SE2d 410).

9.  The 18th and last enumeration of error complained that the charge with regard to sanity was confusing and misleading and could have led the jury to believe the defendant had the burden to establish his insanity beyond a reasonable doubt.

The charge was not subject to the interpretation urged by the defendant.

10.  In Case 49068 it is contended that the court erred in denying the defendant's application for supersedeas bond. We find no merit in such contention.

*Judgments affirmed in Case 49066 and Case 49068. Bell, C. J., and Clark, J., concur.*

Submitted February 5, 1974 — Decided May 2, 1974 — Rehearing denied June 13, 1974 —

*H. Michael Bray, Roger M. Johnson,* for appellant.

*C. B. Holcomb, District Attorney, Fred Mills, III,* for appellee.