Herman Everett BEAVERS,
Petitioner-Appellant,

v.

Charles R. BALKCOM, Warden et al.,
Respondents-Appellees.

No. 80–7018.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 5, 1981.

Macey & Zusmann, James W. Penland, Atlanta, Ga., for petitioner-appellant.

Harrison Kohler, Michael R. Johnson, Asst. Attys. Gen., Atlanta, Ga., for respondents-appellees.

Before GEWIN, MORGAN and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

Appellant Beavers appeals from the judgment of the United States District Court for the Northern District of Georgia, which denied his petition for habeas corpus relief made pursuant to 28 U.S.C. § 2254. We vacate and remand for dismissal without

prejudice because the issue argued on this appeal has not been presented to the state court.

Beavers was indicted on a charge of burglary in 1973. Two local attorneys were appointed to represent him. The evidence placing the appellant at the scene of the crime and in possession of the stolen property was undisputed. Although counsel recommended to appellant that it would be in his best interest to plead guilty, Beavers refused choosing instead to assert his innocence by reason of insanity.

After learning that the appellant had been confined twice to a state mental institution, first for a period of four and one half months and later for a period of nine and one half months, one of the attorneys contacted the facility by telephone. Counsel determined that the medical records would not be helpful. Moreover, the attorney believed Beavers was not insane and that a psychiatric examination would be detrimental to establishing an insanity defense. Consequently, the only evidence offered at trial was testimony from the appellant's mother and wife along with an unsworn statement made by Beavers himself.

In rebuttal, the State relied solely upon the testimony of the two jailers who had observed the appellant between the time of his arrest and the trial. They testified that Beavers was normal and knew right from wrong.

Although the State introduced several prior convictions during the punishment phase of the trial, the appellant's attorneys made no attempt to show mitigating or extenuating circumstances. Beavers was subsequently convicted and sentenced to nineteen years by the jury. His conviction and sentence were affirmed by the Georgia Court of Appeals. *Beavers v. State*, 132 Ga.App. 94, 207 S.E.2d 550 (1974).

Appellant's petition for state habeas corpus relief alleged eleven grounds. It was not granted. After the Supreme Court of Georgia denied a certificate of probable cause to appeal, Beavers sought habeas relief in federal district court based upon the same reasons.

Initially, the district court dismissed nearly all of the allegations and concluded that a United States Magistrate should hold an evidentiary hearing on those remaining issues. On March 29, 1979, the district court adopted the Magistrate's findings on some of the issues but remanded for a detailed factual hearing based upon the medical records. After due consideration of the Magistrate's subsequent recommendation, the district court denied the writ. The only issue argued on this appeal is whether appellant was deprived of effective assistance of counsel because counsel failed to obtain a psychiatric examination and did not present any medical evidence at trial concerning defendant's mental condition.

In *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Supreme Court first enunciated the proposition that the guarantee of the assistance of counsel to a criminal defendant requires that such representation must be effective. Nevertheless, the formulation of such a test has usually been left to the courts of appeal. Traditionally, many courts have reasoned that counsel's efforts must have been so inadequate as to have rendered the trial a farce or mockery of justice. Annot., 26 A.L.R.Fed. 218 (1976).

 "This Circuit has been strict in its requirement of the effective assistance of counsel." *Brooks v. Texas*, 381 F.2d 619, 624 (5th Cir. 1967). Effective counsel does not mean "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified*, 289 F.2d 928 (5th Cir. 1961), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). This necessarily "involves an inquiry into the actual performance of counsel in conducting the defense ... based on the totality of the circumstances and the entire record." *United States v. Gray*, 565 F.2d 881, 887 (5th Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978). Consequently, "[o]ne may receive ineffective assistance of coun-

sel even though the proceedings have not been a farce or mockery." *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir. 1974).

■ This court recently concluded that, "[i]nformed evaluation of potential defenses to criminal charges and meaningful discussion with one's client of the realities of his case are [the] cornerstones of [the] effective assistance of counsel." *Gaines v. Hopper,* 575 F.2d 1147, 1149–50 (5th Cir. 1978). By not following up on the telephone call to the state mental hospital where Beavers had been previously treated, counsel fell short of the thorough pre-trial investigation to which the appellant was entitled. *See Davis v. Alabama,* 596 F.2d 1214, 1217 (5th Cir. 1979), *vacated as moot,* 446 U.S. 903, 100 S.Ct. 1827, 64 L.Ed.2d 256 (1980). Counsel reasoned merely from his telephone conversations that he need not subpoena the medical records nor speak with the physicians at the facility. Although he had correctly learned that his client's mental condition was listed as restored at the time of both discharges, he failed to discover that the very same records noted Beavers' prognosis was guarded.

An interview with the medical personnel at the institution may have well disclosed the likely mental state of the appellant at the time the burglary was committed. Progress notes made by a physician at the state hospital mention the possible interrelation between the diagnosis that Beavers was a sociopathic personality, antisocial type with alcohol and drug addiction and the probable habit pattern that precipitated his continued burglaries. Such evidence might have been very effective if it had been presented at trial. In *Greer v. Beto,* 379 F.2d 923, 925 (5th Cir. 1967), the failure, as in the instant case, to produce any medical evidence relevant to the defendant's sanity was held to be error.

One of the appellant's attorneys also testified before the Magistrate that he never obtained a psychiatric examination of Beavers because he believed the appellant was sane and that, in his opinion, any such expert testimony would have only served to negate the establishment of insanity. Con-sequently, counsel chose to rely solely upon the testimony of Beavers' wife and mother to prove the *only* defense upon which the attorney knew he could possibly succeed. "This Court has repeatedly stressed the 'particularly critical interrelation between expert psychiatric assistance and minimally effective representation of counsel.'" *United States v. Fessel,* 531 F.2d 1275, 1279 (5th Cir. 1976), *quoting, United States v. Edwards,* 488 F.2d 1154, 1163 (5th Cir. 1974.)

■ The difficulty with the evaluation of the appellant's position is that to this date neither his counsel nor the state or federal court *has obtained* the views of a psychiatrist as to the meaning of the medical records or the possible validity of an insanity defense. A general charge of ineffective assistance of counsel was raised in the state court, however, the federal court was faced with a much more specific allegation of ineffectiveness. It was asked to determine whether counsel had erred because they had not obtained a psychiatric examination and had not presented medical evidence at trial concerning Beavers' mental condition. Finding no ineffectiveness, the district court held that such a decision by trial counsel was a proper tactical choice.

This choice should not be confused with the duty to investigate. The issue should be squarely presented to a court as to what further investigation would have shown, and what professional help would have added to appellant's only asserted defense. Since the issue was never fully developed in the state court, the district court should dismiss the petition without prejudice to Beavers' right to refile after exhaustion of state remedies, if relief is not afforded there.

We therefore vacate and remand with directions that the federal district court dismiss Beavers' federal petition so he can present his medical records and other medical evidence as to his mental condition in further state court proceedings.

VACATED and REMANDED.