Rubin J. MAULDIN, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, et al.,
Respondents-Appellants.

No. 82–5958.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1984.

Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for Wainwright.

Law Office of William Sheppherd, Steven H. Malone, Jacksonville, Fla., for petitioner-appellee.

Before HILL and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Rubin Mauldin, the appellee, was convicted of murder by a jury in 1977 in a Florida court. The prosecution sought the death penalty at trial but he received a life sentence. Mauldin subsequently exhausted his state remedies in challenging the conviction and then filed this habeas corpus petition in the District Court for the Northern District of Florida. His primary claim was that he received ineffective assistance of counsel at trial because his privately retained attorney failed to adequately investigate and prepare his defense of insanity due to chronic alcoholism. In May of 1981 a magistrate heard evidence in the case and several months later recommended that Mauldin's petition be granted. The district court rejected this recommendation and entered an order denying relief. Mauldin then filed a motion to alter or amend judgment in which he cited a very similar case for the first time, *Beavers v. Balkcom,* 636 F.2d 114 (5th Cir.

1981). After reviewing the rationale and decision in *Beavers* the district court granted Mauldin's motion to alter judgment and granted the habeas petition. In this appeal the state argues that the district court misinterpreted *Beavers* and erred in ordering relief. We affirm for the following reasons.

In *Beavers* the defendant rejected his attorneys' advice to plead guilty and chose to pursue a defense of innocence by reason of insanity. His attorneys believed he was sane, however, and never obtained a psychiatric examination because they thought it would be useless and possibly detrimental. The attorneys also failed to examine the defendant's records at a psychiatric hospital. At trial the defense relied solely on the testimony of the defendant's wife and mother, and on the defendant's unsworn statement. We held this superficial investigation into their client's chosen defense and the subsequent cursory presentation of the case at trial to be ineffective assistance and remanded for a determination of prejudice. The present case is remarkably similar. The district court made the following findings which are undisputed on appeal:

Although petitioner's only defense was an intoxication/insanity defense, counsel never had petitioner examined by a psychiatrist or psychologist. Counsel did not consult a psychiatrist regarding Mauldin. Counsel determined after talking with petitioner that a psychiatrist would not find petitioner legally insane. Counsel's investigation was confined to interviewing petitioner, petitioner's family and friends. He did not obtain the information regarding petitioner's 1973 admission to a Veterans Administration Hospital for alcoholism.

Record at 240. Therefore, as in *Beavers*, defense counsel below failed to consult with or have his client examined by a psychiatric expert even though the sole theory of defense was one of insanity. Counsel assumed that his own judgment in the matter was sufficient. Likewise, the attorneys in both cases failed to fully investigate their client's medical histories and did not discover crucial evidence supporting the defense cases.

◼ The state argues that this case is clearly distinguishable from *Beavers,* but we find any differences insignificant. In *Beavers,* the defense attorneys knew of their client's prior commitment to a mental hospital and failed to examine his records. Here, there is no evidence that trial counsel knew of Mauldin's previous hospitalization for alcoholism, and thus, according to the state, the attorney should not be held responsible for failing to use evidence of that hospitalization at trial. While the attorneys in *Beavers* were perhaps more culpable for ignoring an important lead in their client's case, we believe a reasonably diligent investigation by counsel for Mauldin would have discovered his hospitalization. At the evidentiary hearing before the magistrate Mauldin's attorney could not state with any certainty that he ever questioned Mauldin about his medical past. In a case where the sole theory of defense is one of insanity due to alcoholism, we believe that minimally effective representation must include an investigation into the defendant's past and present medical condition. *See Beavers v. Balkcom,* 636 F.2d at 116. The state also contends that trial counsel was not obligated to fully investigate Mauldin's history or have him examined by a psychiatrist because counsel made a strategic decision prior to trial to present the defense case solely through numerous lay witnesses who were familiar with Mauldin's alcoholism. The error in this argument is that Mauldin's attorney failed to conduct a legally sufficient investigation which would allow him to make such a strategy decision. Mauldin's attorney simply did not conduct a reasonably diligent investigation into his client's defense, and as a result Mauldin did not receive effective representation. *See Ford v. Strickland,* 696 F.2d 804 (11th Cir. 1983) (en banc); *Washington v. Strickland,* 693 F.2d 1243 (5th Cir.1982) (Unit B en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983).

◼ Finally, the state argues that Mauldin failed to establish that he was preju-

diced by the inadequate performance of his trial counsel. "[T]he petitioner must show that ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of his defense." *Washington v. Strickland,* 693 F.2d at 1262. After reviewing the record, we conclude that Mauldin easily satisfied this burden. A highly qualified psychiatrist testified at the evidentiary hearing that he had recently examined Mauldin and believed he was insane at the time of the murder. He supported his conclusion with references to specific symptoms of chronic alcoholism which Mauldin manifested. Similar testimony would have provided crucial support and credibility for a defense case built entirely on the lay testimony of Mauldin's friends. Likewise, evidence of Mauldin's prior hospitalization would have supplied objective confirmation of the severity of Mauldin's drinking problem. Therefore, we cannot find that the result of Mauldin's trial would have been the same even if he had received proper representation.

Accordingly, the order of the district court granting the writ of habeas corpus is

AFFIRMED.