**Affirmed and Majority and Dissenting Opinions filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00400-CR

**HAPPY TRAN PHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1096930**

### DISSENTING OPINION

Strategy without investigation is no strategy at all. The majority relies on a series of assumptions to find counsel's performance and preparation in the punishment phase of appellant's trial sufficient. Because I would find counsel's performance deficient and prejudicial, I dissent.

Trial counsel executed an affidavit in which he stated that he failed to interview any potential mitigation witnesses, he made conclusory assumptions about what those witnesses might know about appellant's life, and his decision not

to interview any potential witnesses was not based on trial strategy. Twenty affidavits of potential punishment witnesses were submitted to the trial court along with appellant's motion for new trial. Each represented a potential avenue for investigation and an opportunity to present mitigating evidence to the jury. However, trial counsel assumed that these potential witnesses would be more harmful than helpful, neglected to speak to a single person, and failed to prepare for the punishment phase of the trial. In finding counsel's performance and preparation sufficient, the majority substitutes its own determination of proper trial strategy for trial counsel's—having neither interviewed witnesses nor ascertained what those witnesses would have said.

Counsel's affidavit states that he made a conclusory assumption that appellant's friends and family would not have made good punishment witnesses and this assumption, combined with his solitary focus on self-defense, caused him to conduct no investigation into any potential punishment witnesses. At punishment, no doubt surprised by the verdict, counsel threw appellant's two brothers on the witness stand to testify without having prepared either of them. As he candidly admits, counsel's failure to investigate was not based on any trial strategy. The majority presumes to know that the witnesses had no knowledge of appellant's current character, assumes that their testimony would have been harmful, and determines that counsel's failure to investigate is a reasonable strategic decision. However, this goes against a basic tenet of strategy—how does counsel strategically decide to forego calling a witness to testify if counsel has absolutely no idea what that witness might say? Similarly, how does this court deign to know what those witnesses would have said without having heard from the witnesses themselves?

The decision whether to present witnesses is largely a matter of trial

strategy. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd). "[A]n attorney's decision not to present particular witnesses at the punishment stage may be a strategically sound decision if the attorney bases it on a determination that the testimony of the witnesses may be harmful, rather than helpful, to the defendant." *Id.* (citing *Weisinger v. State*, 775 S.W.2d 424, 427 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd)). However, a failure to present mitigating evidence "cannot be justified as a tactical decision when defense counsel has not conducted a thorough investigation of the defendant's background." *Id.* (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), and *Rivera v. State*, 123 S.W.3d 21, 31 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)). Counsel is ineffective when he fails to investigate and interview potential punishment witnesses, despite their availability and willingness to testify on appellant's behalf, and counsel can only make a reasonable decision to forego presentation of mitigating evidence after evaluating available testimony and determining it would not be helpful. *Milburn v. State*, 15 S.W.3d 267, 270–71 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

The majority's reliance on *Humphrey*, and by extension *Wiggins*, in condoning the trial counsel's inaction is misplaced. Humphrey's trial counsel interviewed potential witnesses and made a strategic decision not to present their testimony. *Humphrey v. State*, 501 S.W.3d 656, 664 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Humphrey's trial counsel also had the benefit of a prior parole hearing to evaluate what testimony likely would have been elicited from one potential witness. *Id.* at 663. Here, however, counsel assumed he knew what the witnesses would say and, without speaking to a single potential mitigation witness, decided that all of their testimony would have been unhelpful. Counsel's own affidavit states that "my failure to investigate the possibility that favorable

3

punishment witnesses existed was not based on any trial strategy."

In *Humphrey*, as in *Wiggins*, the attorney knew about the evidence, made an initial investigation into the information, and then made a strategic choice not to investigate further or use the information at trial. *Wiggins*, 539 U.S. at 534; *Humphrey*, 501 S.W.3d at 663–64; *see also Burger v. Kemp*, 483 U.S. 776, 794–95 (1987). Here however, counsel did not know about the available mitigation evidence because he did absolutely no investigation into the matter. Therefore, his decision not to present mitigation evidence was not strategy. For this court to state that counsel's failure to investigate was strategic, it is effectively making a strategic decision for trial counsel based on information neither obtained nor analyzed by trial counsel. Courts are "not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all." *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009).

The majority's conclusion that prioritizing appellant's self-defense claim over mitigation witnesses was strategic is also misplaced. "[A] tactical choice not to pursue one course or another 'should not be confused with the duty to investigate.'" *Bouchillon v. Collins*, 907 F.2d 589, 597 (5th Cir. 1990) (quoting *Beavers v. Balkcom*, 636 F.2d 114, 116 (5th Cir. 1981)). The majority's own words show the danger in this—in stating that these mitigation witnesses "had no knowledge of appellant's current character, or possibly had knowledge of appellant's drug-dealing activities, or possibly had helped appellant elude capture," the majority presumes to know what the witnesses would have known about the appellant and further presumes to know what testimony would have been elicited. Failure to present mitigating evidence "cannot be justified as a tactical decision

4

when defense counsel has not conducted a thorough investigation of the defendant's background." *Shanklin*, 190 S.W.3d at 164. Counsel had a duty to make a reasonable investigation and not rely solely on the client to provide information. *Ex parte Welborn*, 785 S.W.2d 391, 395 (Tex. Crim. App. 1990). If counsel had investigated, determined that the witnesses were unhelpful, and then decided not to call them, that is defensible trial strategy. If counsel fails to investigate, that is deficient performance.

"The sentencing stage of any case, regardless of the potential punishment, is the time at which for many defendants the most important services of the entire proceeding can be performed." *Vela v. Estelle*, 708 F.2d 954, 964 (5th Cir.1983). Where the potential punishment is imprisonment for life, as in the instant matter, the sentencing proceeding takes on added importance. *See id.*; *Milburn*, 15 S.W.3d at 269.

*Strickland* does not require that counsel investigate every possible line of mitigating evidence, but counsel can only make a reasonable decision to present no mitigating evidence after evaluating available testimony and determining it would not be helpful. *Milburn*, 15 S.W.3d at 270. Counsel's performance is deficient when counsel fails to conduct an investigation of a defendant's background for potential mitigating evidence. *Wiggins*, 539 U.S. at 533–35; *Milburn* at 269–70. Counsel here has admitted that he neither investigated nor evaluated any available avenues for punishment evidence.

Arguably, trial counsel's failure to investigate even a single avenue of mitigation could mean that appellant was constructively denied any defense at all in the penalty phase of his trial. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668, 692 (1984). "Prejudice in these circumstances is so

5

likely that case-by-case inquiry into prejudice is not worth the cost." *Id.* Regardless, I would find that appellant has demonstrated prejudice in this case because counsel's lack of investigation deprived appellant of bringing any meaningful mitigation evidence to the jury to offset the State's aggravating factors. The painful and joyful parts of appellant's childhood, his family's story in escaping the harsh and violent world of Vietnam, and his interactions and relationships with family, friends, and community members are all relevant pieces of information that the jury could have considered. I would conclude that a reasonable probability exists that appellant's sentence would have been less severe had the jury balanced knowledge of his life with the aggravating factors, particularly in light of the fact that the jury ultimately sentenced him to life in prison.


/s/ Frances Bourliot
   Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.

Publish — Tex. R. App. P. 47.2(b).