Gary LeRoy **PROFITT,**
Petitioner-Appellant,

v.

George R. **WALDRON,** Warden, et al.,
Respondents-Appellees.

No. 87–1014.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1987.

---

Michael T. McGann, Jack R. Bailey, Law Offices of Jack R. Bailey, Houston, Tex., for petitioner-appellant.

S. Michael Bozarth, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondents-appellees.

Before WISDOM, GEE and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Gary LeRoy Profitt appeals the district court's denial of habeas relief. We conclude that Profitt's right to effective assistance of counsel was violated at the time of his trial for aggravated rape in 1976. Accordingly, we vacate the decision of the

district court and remand with directions to grant the writ unless the State elects to re-try Profitt within a reasonable time to be fixed by the trial court.

*Introduction*

Eight months before Gary LeRoy Profitt's Texas criminal trial for aggravated rape in 1976, an Idaho court adjudicated him insane; and the judge ordered Profitt's commitment. He was placed in the Blackfoot Mental Hospital in Idaho.

Profitt escaped from the mental institution and made his way to Texas, where he raped a woman. Profitt was apprehended and indicted. Before his competency trial, Profitt's attorneys requested that he be examined by a court-appointed psychiatrist. The state had already had Profitt examined by a doctor of its choice who found him competent to stand trial. A court-appointed doctor also examined the petitioner. On the day of the competency hearing, the court's doctor submitted his report, asserting that Profitt was competent to stand trial. The doctor also opined that Profitt had been sane at the time he committed the rape offense. Before the court's doctor examined Profitt, his attorneys knew that he had escaped from the Idaho mental institution. They did not determine, however, why Profitt had been in the institution. Based upon the doctor's report received on the day of Profitt's competency trial, and on the similar findings by the state's doctor, defense counsel decided not to plead an insanity defense at trial—the only defense which counsel had intended to present. The jury found Profitt guilty of aggravated rape, and the judge sentenced him to 75 years in prison.

An evidentiary hearing was held in 1986 before a federal magistrate for purposes of determining the facts and circumstances surrounding Profitt's 1976 criminal trial. Not many of the facts could be recalled by the witnesses with clarity. Although it was established that the exculpatory information regarding Profitt's escape from the mental institution had been given to defense counsel in compliance with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), witnesses could not re-

member whether or not a document in the prosecutor's possession which certified Profitt's Idaho adjudication of insanity had been turned over. The judge in a prior state court habeas trial had found that the prosecutor complied with *Brady.* Accordingly, the magistrate deferred to the presumption of correctness afforded the state court finding and found no *Brady* violation. The district court adopted the findings of the magistrate.

Defense counsel testified at the 1986 evidentiary hearing that they had decided not to raise the defense of insanity because the facts that they were working with at the time could not support the defense. Based upon such assertions, the magistrate recommended and the district court held that defense counsel had not been constitutionally ineffective.

*Issues on Appeal*

1.  *Brady* Violation

■ Petitioner alleges that material documents tending to exculpate him were not given to defense counsel by the state in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Upon hearing petitioner's third state application for a writ of habeas corpus, however, the state court found no violation of *Brady.* The prosecuting attorneys had submitted affidavits attesting to full disclosure of Profitt's mental problems, and the trial judge made his determination based upon these documents. This finding is entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

Counsel for each side also litigated the *Brady* issue at the federal magistrate's evidentiary hearing. At that hearing Profitt's counsel in the trial on the merits testified that they could not recall whether they had received the exculpatory information, specifically evidence of the prior adjudication of criminal insanity in Idaho. The magistrate concluded that Profitt failed to prove his violation-of-*Brady* claim by a preponderance of the evidence. Because we must not substitute our reading of the evidence in the matter for that of either the state court or the magistrate, we affirm

the decision of the district court on this issue.

### 2. Ineffective Assistance of Counsel

■ In order to establish the claim of ineffective assistance of counsel, a defendant must show that counsel failed to act with that customary skill and knowledge which ordinarily prevails in the area and that he was prejudiced as a result of that failure. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner argues that his counsel's failure to investigate his prior mental history constitutes an impermissible deficiency in rendering effective assistance and that there is a reasonable probability that the result of the proceeding would have been different if the burden of proof had been shifted to the state by submission in evidence of the Idaho adjudication of Profitt's insanity.

Respondent argues that the trial counsel's investigation of Profitt's prior mental history was complete and thorough, as implicitly found by a state trial court which heard his third state habeas petition. In addition, the federal district court explicitly concluded that Profitt's trial attorneys had adequately and competently pursued their investigation of petitioner's mental history.

### a. Counsel's Performance

■ In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court discussed the broad duty of attorneys to investigate matters that materially affect their clients' cases:

> Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigation unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 691, 104 S.Ct. at 2066. This measure of deference, however, must not be watered down into a disguised form of acquiescence. Several courts outside our circuit have discussed in detail the duty of an attorney to investigate the prior mental history of his client. We turn to one of these cases for illustration. Where counsel (1) makes some exploration of the insanity defense but fails to take an obvious and readily available investigatory step which would have made the defense viable, (2) does not produce reasonable tactical reasons for not pursuing further investigation, and (3) raises no other plausible defense, courts may find ineffective assistance of counsel. *Walker v. Mitchell*, 587 F.Supp. 1432, 1443 (E.D. Va.1984). See also *Brennan v. Blankenship*, 472 F.Supp. 149 (W.D. Va.1979), *aff'd mem.*, 624 F.2d 1093 (4th Cir.1980); and *Lee v. United States*, 545 F.Supp. 662 (E.D. Va.1982), *aff'd mem.*, 701 F.2d 169 (4th Cir.1983).

In *Walker*, defendant had previously avoided a murder conviction on insanity grounds, coming to rest in a psychiatric hospital. The defense attorney failed to examine records or to interview people familiar with defendant's mental history and institutional commitment. Instead, the attorney accepted a psychiatrist's indecisive statements regarding defendant's sanity at the time of the offense in determining not to raise the insanity defense at trial. The psychiatrist had conducted a competency examination and admitted that he could not say whether defendant had been sane at the time of the offense. The district court found that the attorney's efforts fell short of satisfying the constitutional requirement of effective assistance of counsel. 587 F.Supp. at 1440–44.

■ We find the application of the *Strickland* standards to the facts in *Walker* helpful in our inquiry and conclusion here. Profitt's counsel failed to secure records or to pursue inquiries at the Idaho mental institute from which Profitt escaped. Relying on the report of a court-appointed psychiatrist filed on the day before the trial on the merits, defense counsel decided to forego an insanity defense. Instead of seeking a continuance, counsel simply abandoned his client's only defense. Making such a decision immediately before

trial and after having neglected to pursue obvious courses that would have led to documentation of Profitt's criminal insanity falls short of an acceptable level of performance by counsel—especially where it leaves the client totally defenseless.

Our Court has found counsel ineffective where he knew of a client's prior commitment to a mental hospital and failed to examine his records or to obtain a psychiatric examination. *Beavers v. Balkcom,* 636 F.2d 114 (5th Cir.1981). *See also Mauldin v. Wainwright,* 723 F.2d 799 (11th Cir. 1984) (on facts similar to *Beavers,* the Court found ineffective assistance of counsel although counsel did not know of client's previous hospitalization). Appellees in today's case contend that obtaining the opinion of a court-appointed psychiatrist excuses defendant's counsel of any duty to investigate further. In the circumstances presented, we cannot agree. To the contrary, the Supreme Court in *Strickland* held that "a particular decision not to investigate must be directly assessed for reasonableness in *all* the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691, 104 S.Ct. at 2066 (emphasis added). It is just such circumstances in this case which disturb us.

Profitt's counsel knew that Profitt had escaped from a mental institution in Idaho. It is unclear whether or not they were also aware that Profitt had been adjudicated insane by an Idaho court eight months before the Texas trial. Nevertheless, a simple inquiry of the mental institution would have revealed that public information. Instead of investigating, counsel relied on the report of a court-appointed psychiatrist received on the day of the competency trial and the day before the trial on the merits to assess whether Profitt was insane at the time of the offense. Be our deference to counsel's judgment never so heavy, we must still conclude that in this instance his decision clearly falls below the the level of that customary skill and knowledge required of attorneys when only one defense is available.

Appellees respond in their brief that defense counsel made an informed and conscious decision on trial tactics in deciding not to pursue the insanity defense at trial. In this case, however, we cannot baptize the decision to forego the insanity defense with the rejuvenating labels of "tactical" or "strategic" choice. Judges wisely defer to true tactical choices—that is to say, to choices between alternatives that each have the potential for both benefit and loss. We are in a poor position to judge, on the cold record, the quality of such a choice, made as it is in the fine-grained texture and nuance. of the particular proceeding. In this case, however, we simply can see *no advantage* in the decision to bypass the insanity defense. Therefore our usual deference to tactical decisions is not relevant. Moreover, Profitt's counsel made their "tactical" decision based on faulty information, information that was faulty because of their ineffective investigatory steps, as we have seen. Finally, counsel admitted at the federal magistrate's evidentiary hearing that they did not know that the burden of proof would have shifted had they submitted evidence of Profitt's prior adjudication of insanity. Such a lack of knowledge regarding the law undercuts any claim that the decision to forego the insanity defense was "informed."

b. Prejudice

As required by *Strickland,* petitioner must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

Respondent argues that Profitt cannot demonstrate prejudice in the face of the two psychiatric evaluations that were made at the time of trial. These evaluations, however, were never challenged by the clear evidence of Profitt's Idaho insanity adjudication. If that evidence had been received, the petitioner's burden of proving insanity by a preponderance of the evidence would have shifted to the state to prove his *sanity* at the time of the offense

*beyond a reasonable doubt. Manning v. State,* 730 S.W.2d 744 (Tex.Cr.App.1987); *Murray v. State,* 147 Tex.Cr.R. 474, 182 S.W.2d 475 (1944). This burden shift is central to the prejudice suffered by petitioner. It seems to us that there was a reasonable probability that, had such a shift occurred, a jury would not have found Profitt sane beyond a reasonable doubt.

At the federal evidentiary hearing in 1986, one of Profitt's criminal trial attorneys conceded that he did not attempt to rebut testimony of the state's psychiatrist at trial because there were not enough factual details with which to support such a rebuttal. The attorney also acknowledged that he did not know that providing evidence of Profitt's prior adjudication of insanity would have shifted a heavy burden onto the state. Counsel's significant errors with regard to law and investigation of facts had the effect of preventing the burden of proof from shifting to the state. We cannot avoid the conclusion that it is at least "reasonably probable" that but for the attorneys' errors the balance would have tilted in favor of Profitt's version, and that he would have been acquitted by reason of insanity.

### 3. Incompetency Issues

■ Petitioner argues that the district court erred in concluding that he was competent to stand trial in 1976. The Texas jury's finding of Profitt's competency is entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Felde v. Blackburn,* 795 F.2d 400 (5th Cir.1986). Except for his own testimony, Profitt proffered no evidence contrary to the jury finding. Because the district court's finding on this matter is not clearly erroneous, we deny petitioner's claim.

■ Petitioner also argues that the misplaced burden of proof in the competency hearing violated his constitutional rights. Petitioner bases this argument on the prior adjudication of insanity in Idaho. He asserts that under *Clark v. Beto,* 415 F.2d 71 (5th Cir.1969), the burden of proving competency should have been placed on the state. Here, petitioner has confused the burden of proof on the issue of "insanity" with the burden of proof on the issue of "competency." A recent decision by the Texas Court of Criminal Appeals has clarified the distinction. *Manning v. State,* 730 S.W.2d 744 (Tex.Crim.App.1987) (en banc). In discussing legislative action separating incompetency and insanity by separate provisions in the Code of Criminal Procedure, the Criminal Appeals court noted:

> [I]nsanity and incompetency were recognized by separate statutes as similar but distinct issues of mental status with different definitions and legal ramifications. The same burden shifting rules established by common law still applied, but only within each "type" of sanity. For example, a prior finding of incompetency shifted the burden to the State only as to incompetency. A prior adjudication of insanity shifted the burden to the State for insanity, not incompetency.

730 S.W.2d at 747. Consequently, Petitioner's prior adjudication of insanity had no effect on the burden of proof at the competency trial.

■ At oral argument, counsel for Profitt asserted that he had been adjudicated both insane and *incompetent* under Idaho law. Because he failed to raise at the evidentiary hearing the prior adjudication of incompetency, he has waived his right to argue such evidence on appeal. The seemingly harsh result we reach here is allayed by our decision to remand for retrial based upon ineffective assistance of counsel. If on remand a competency hearing is held before trial on the merits, petitioner can raise his claim of incompetency at that time.

### 4. Exclusion of Evidence Issue

■ At the evidentiary hearing in 1980, the federal magistrate refused to admit into evidence Profitt's medical records held by the Texas Department of Corrections and the testimony of a clinical psychologist. The records and examination of the psychologist were made after the time of Profitt's criminal trial; they were not relevant to reconstructing the evidence which was before the Texas competency jury. Be-

cause petitioner has failed to show an abuse of discretion by the magistrate in refusing to admit this evidence, we hold the magistrate's decision proper. *See Consolidated Grain & Barge Co. v. Marcova Conveyor Corp.*, 716 F.2d 1077 (5th Cir. 1983).

*Conclusion*

The prejudice prong of the two-part *Strickland* test continues to be the primary hurdle to be cleared in sixth amendment assistance-of-counsel cases. This obstacle, however, is not insurmountable. The standard "requires courts carefully to examine trial records in light of both the nature and seriousness of counsel's errors and their effect in the particular circumstances of the case." *Strickland*, 104 S.Ct. at 2073. Had petitioner's insanity defense in this case been properly presented, a heavy burden of proof would have been shifted to the state. We find a reasonable probability that such a shift would have produced a different outcome in the jury's decision.

VACATED and REMANDED with directions.