IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2003

## JEFFREY WHITAKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Roane County**
**No. 10,920      E. Eugene Eblen, Judge**

**No. E2001-02399-CCA-R3-PC**
**June 3, 2003**

Aggrieved that the lower court denied post-conviction relief following an evidentiary hearing, the petitioner, Jeffrey Whitaker, appeals and claims that his convictions resulted from the ineffective assistance of counsel and involuntary guilty pleas. We affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Spence R. Bruner, Kingston, Tennessee, for the Appellant, Jeffrey Whitaker.

Michael E. Moore, Solicitor General; Mark A. Fulks, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

After pleading guilty to multiple counts of rape of a child, the conviction court imposed an effective Department of Correction sentence of 45 years. The sentence was affirmed on appeal. *See State v. Jeff Whitaker*, No. 03C01-9509-CC-00256 (Tenn. Crim. App., Knoxville, Oct. 15, 1996), *perm. app. denied* (Tenn. 1999). The petitioner thereafter sought post-conviction relief, and following an evidentiary hearing, the lower court denied relief. Now on appeal, the petitioner claims that his trial counsel rendered ineffective assistance, which resulted in an involuntary guilty plea.

Testimony at the evidentiary hearing revealed that multiple female children accused the petitioner of various acts of child rape and aggravated sexual battery, resulting in a number of felony charges. The petitioner gave the authorities an extensive, inculpatory statement. At the post-conviction evidentiary hearing, the petitioner testified that his appointed trial counsel did not adequately acquaint him with the facts of the case, did not explain the law or theory of the

prosecution, did not review his or the victims' statements with him, and did not move to suppress the petitioner's pretrial statement. In addition, he claims that his pretrial statement was coerced because he gave the statement in exchange for the officer's promise to get him mental health assistance. He also maintained at the hearing that, during his incarceration in the Department of Correction, he has been diagnosed with anxiety disorder and that he now is aware that he was suffering from anxiety when he gave the inculpatory statement and when he pleaded guilty. When asked how he would have defended himself had he gone to trial and the victims testified consistently with their pretrial statements, even if his own statement were suppressed, the petitioner merely replied that he would not have testified in his own behalf and that it was up to his counsel to devise a defense.

Specifically concerning the guilty plea, the petitioner testified that he was taking an unspecified prescription medication that caused confusion and affected his ability to understand what transpired at the plea submission hearing. He testified that his attorney merely told him to sign the plea papers and that he complied without reading the papers, based upon counsel's claim that, if he went to trial, the jury would convict him and impose a sentence of 100 years.

The petitioner testified that, after the plea was accepted, his attorney did not prepare him to be interviewed by the presentence investigator and that, as a result, he supplied the investigator with a damaging hand-written statement.

Concerning his pretrial statement, the petitioner claimed that he gave the statement while hampered by an anxiety attack and that the interrogating officer tricked him into confessing by promising to get him treatment.

The petitioner's father testified that, when he talked with the petitioner's trial counsel approximately three years after the guilty plea, counsel admitted that, when he handled the petitioner's case, he was experiencing a "very heavy caseload."

The petitioner's trial counsel testified that he met with the petitioner on several occasions and received and reviewed the petitioner's and the victims' pretrial statements. Counsel concluded that the promises made by the interrogating officer provided no basis for suppressing the statement. He found no evidence of force or coercion and determined that the petitioner was not in custody when the statement was given. Accordingly, although counsel knew that the petitioner claimed to have been upset and nervous when he gave the statement, counsel perceived no basis for a motion to suppress.

Counsel testified that his investigator's attempts to interview the minor victims were rebuffed by the victims' families. He obtained a pretrial mental health evaluation, which resulted in an opinion that the petitioner was competent and manifested no mental health symptoms that would support an insanity defense. He discerned nothing in the petitioner's behavior or demeanor to suggest that the petitioner was less than fully competent. He testified that he would have asked

the petitioner, before the plea was submitted, whether he was under the influence of anything that might affect his judgment.

Although the petitioner claimed that counsel should have filed a litany of pretrial motions, including a motion to suppress the pretrial statement and a motion to seek an independent mental evaluation, counsel explained that he did not file the motions because he saw no bases. Concerning the latter motion, counsel testified that the petitioner had no history of mental illness, and counsel perceived no manifestation of mental illness during his interaction with the petitioner. Furthermore, he saw no legal or factual grounds for motions to dismiss the charges and to obtain a change of venue. He knew of no legal precedents supporting motions to reduce the charges, to suppress the *victims'* statements, and to compel a witness to cooperate with adversary counsel prior to trial.

Counsel was aware that, on the day of the scheduled trial, the petitioner was upset and cried. The petitioner was afraid of the jury. Nevertheless, the petitioner comprehended the situation, understood the alternatives, and communicated effectively with counsel. Counsel testified that he would have read the plea papers to the petitioner *verbatim* because that was his invariable practice. He explained the plea offer and the range of punishment to the petitioner. The petitioner appeared to fully understand the terms, including that the judge would set the actual sentences and determine whether they would be served concurrently or consecutively. Counsel testified that he informed the petitioner that he could receive a sentence of up to 45 years.

Following the evidentiary hearing, the post-conviction court denied relief and found that the petitioner's guilty pleas were voluntary and knowing, that trial counsel rendered effective assistance, and that in matters of factual conflict, the court accredited counsel's testimony and discredited that of the petitioner.

The post-conviction petitioner bears the burden of establishing, at the evidentiary hearing, his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S. C. Toof & Co.,* 833 S.W.2d 896, 901, n. 3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

When the post-conviction petitioner raises the issue of ineffective assistance of counsel, this court must determine whether the evidence preponderates against the post-conviction court's findings (1) that counsel's performance was within the range of competence demanded of attorneys in criminal cases, *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and/or (2) that any deficient performance did not prejudice the petitioner, *Strickland v. Washington*, 466 U.S. 668, 687-79, 104 S. Ct. 2052, 2064-69, (1984); *see also Powers v. State*, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Courts need not address these components in any particular order or even address

both if the petitioner fails to meet his burden with respect to one. *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

In evaluating counsel's performance, this court should not examine every allegedly deficient act or omission in isolation, but rather we should examine them in the context of the case as a whole. *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The primary concern of the court should be the fundamental fairness of the proceeding that is being challenged. *Id.* Therefore, this court should not second-guess tactical and strategic decisions by defense counsel. *Henley*, 960 S.W.2d at 579. Instead, this court must reconstruct the circumstances of counsel's challenged conduct and evaluate the conduct from counsel's perspective at the time. *Id.*; *see Irick v. State*, 973 S.W.2d 643, 652 (Tenn. Crim. App. 1998).

However, this court's deference to counsel's tactical decisions will depend upon counsel's adequate investigation of defense options. *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987). That having been said, one court has observed:

> Judges wisely defer to true tactical choices – that is to say, to choices between alternatives that each have the potential for both benefit and loss. We are in a poor position to judge, on the cold record, the quality of such a choice, made as it is in the fine-grained texture and nuance of the particular proceeding.

*Profitt v. Waldron*, 831 F.2d 1245, 1249 (5th Cir. 1987). Accordingly, assuming adequate investigation, the fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. *Thompson v. State*, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997); *Jerry Whiteside Dickerson v. State*, No. 03C01-9710-CR-00472, slip op. at 3 (Tenn. Crim. App., Knoxville, Sept. 16, 1998), *perm. app. denied* (Tenn. 1999).

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.' " *Burger*, 483 U.S. at 794, 107 S. Ct. at 3126.

Even if the petitioner establishes that counsel's performance was not within the requisite range of competence, he must also demonstrate a reasonable probability that the result of the proceeding would have been different but for the defective performance of counsel. *Henley*, 960 S.W.2d at 580.

In cases involving a guilty plea or plea of *nolo contendere*, the petitioner must show prejudice by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *Bankston v. State,* 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

In determining whether a plea of guilty was voluntarily, understandingly, and intelligently entered, this court, like the trial court, must consider all of the relevant circumstances that existed at the entry of the plea. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). A reviewing court may look to any relevant evidence in the record to determine the voluntariness of the plea. *Id.* Rule 11 of the Tennessee Rules of Criminal Procedure and our supreme court's decisions in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), and *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), control the guilty plea process in Tennessee. Trial judges are required to adhere substantially to the procedure prescribed in the rule. A submission hearing transcript must establish on its face that the trial court substantially complied with the requirements of Rule 11 and the teachings of *Mackey* and *McClintock*. *State v. Turner*, 919 S.W.2d at 352.

Without belaboring each and every issue, we hold that the record supports the post-conviction court's determinations that trial counsel rendered effective assistance and that the petitioner's guilty pleas were entered voluntarily and knowingly. Although the record establishes that counsel filed no pretrial motions, it is devoid of any proof that the absence of pretrial motions denotes deficient performance of counsel or that the petitioner was prejudiced thereby. Similarly, the petitioner failed to establish the other specific claims of ineffective assistance, including the claim that counsel deficiently advised the petitioner about his pre-plea options. The lower court, as was its prerogative, declined to accredit the petitioner's claim that his guilty pleas were the product of confusion, deficient mental capacity, or coercion, and we defer to that court's determination.

Consequently, we affirm the denial of post-conviction relief.

 

 

_____
JAMES CURWOOD WITT, JR., JUDGE