Alexandre MIRZAYANCE,
Petitioner—Appellee,

v.

Michael A. KNOWLES, Warden,
Respondent—Appellant.

No. 04–57102.

D.C. No. CV–00–01388–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided April 10, 2006.

Charles M. Sevilla, Esq., Cleary & Sevilla, LLP, San Diego, CA, Armand Arabian, Armand Arabian Law Offices, Van Nuys, CA, Eric S. Multhaup, Esq., Mill Valley, CA, for Petitioner–Appellee.

Steven E. Mercer, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before HUG and WARDLAW, Circuit Judges, and SUKO,** District Judge.

** The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

MEMORANDUM *

The Warden appeals the district court's grant of Alexandre Mirzayance's petition for writ of habeas corpus based on ineffective assistance of counsel in his state trial court proceedings. We affirm.

## I.

We are required by the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (1996) ("AEDPA") to give significant deference to the decision of the state court. Where, as here, the state court has provided an adjudication on the merits of the habeas claim but has not explained its underlying reasoning or held an evidentiary hearing, however, we conduct an independent review of the record to determine whether the state court's final resolution of the case was an unreasonable application of clearly established federal law. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); *Greene v. Lambert*, 288 F.3d 1081, 1088–89 (9th Cir.2002) (explaining AEDPA standard of review where state court provides no reasoned explanation for its decision on petitioner's claim). We therefore independently review the state court record and the evidentiary hearing held by the district court upon remand, and conclude that the state court's denial of habeas relief to Mirzayance was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

## II.

The district court and the magistrate judge misapprehended our prior remand for an evidentiary hearing on whether counsel's advice to withdraw the plea of not guilty by reason of insanity (NGI) was a true tactical decision that constituted "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The citation to *Profitt v. Waldron*, 831 F.2d 1245 (5th Cir.1987), indicated only that labeling a decision "tactical" does not necessarily mean that a true tactical choice, one "between alternatives that each have the potential for both benefit and loss," was made. *Id.* at 1249. The evidentiary hearing was necessary, as the state had not conducted one, to resolve the conflicting evidence as to counsel's reason for abandoning the insanity defense.

## III.

Counsel's advice to Mirzayance to withdraw the insanity plea "fell below an objective standard of reasonableness," and therefore constitutes deficient performance. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Counsel testified at the evidentiary hearing that he recommended withdrawal of the NGI defense "out of a sense of hopelessness," basing his decision on two factors. Counsel explained that he did not believe a jury that had found premeditation would find insanity, and therefore the jury's first-degree murder verdict rendered success in the insanity phase almost certainly unattainable. Further, the "triggering event" that precipitated his decision was the supposed refusal of Mirzayance's parents to testify in the insanity phase.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The Warden argues that counsel's decision was "strategic," and thus not deficient performance. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable" under *Strickland*. *Id.* at 690–91, 104 S.Ct. 2052. We conclude, however, that counsel did not make a true tactical choice. Counsel failed to consider the likelihood that the jury, after hearing the substantial evidence available to show that Mirzayance was legally insane at the time of the killing, might be persuaded that Mirzayance was in fact insane. As lay people, they might not recognize, as counsel thought they would, the seeming logical incompatibility between those two findings.[1] Moreover, counsel's fear that the jury would not find insanity after finding premeditation was unfounded, based on an unreasonable assumption that because the jury rejected the opinion of one mental health expert testifying on premeditation in the guilt phase, the jury would reject the testimony of four experts testifying on insanity in the NGI phase. Further, although counsel claims that Mirzayance's parents refused to testify, the district court's finding that the parents did not refuse, but merely expressed reluctance to testify is correct. Competent counsel would have attempted to persuade them to testify, which counsel here admits he did not.

We disagree that counsel's decision was carefully weighed and not made rashly. Counsel himself admitted in the evidentiary hearing that he was "not sure" whether "given [his] anger at the parents, [he] became so emotional that [he] lost [his] sense of advocacy." Counsel's belief that Mirzayance's interests would not be advanced by conducting the insanity phase was groundless. Counsel had planned to present substantial evidence, including a "cadre of experts," to testify that Mirzayance was legally insane at the time of the killing. He did not know with any certainty that Mirzayance's parents would not testify and that he would lose the sympathy that could be gained from their testimony. That possibility remained open.

In addition, his decision was made not on the basis of the facts before him, but on speculation. The sole advantage counsel could identify of withdrawing the insanity plea was based on his speculation that the judge was sympathetic to Mirzayance and would sentence him to a psychiatric prison, but would sentence more harshly if the jury found him sane. This is not only speculative, but also contrary to law. Under California law, withdrawal of the insanity plea amounted to a concession that Mirzayance was indeed sane. *See* Cal.Penal Code § 1016 (noting that absent a plea of not guilty by reason of insanity, a defendant is presumed to be sane).

Thus, even accepting counsel's emotional and speculative reasoning, his decision ultimately secured only the loss of this sole potential advantage. No actual tactical advantage was to be gained from counsel's advice; indeed, counsel acted on his subjective feelings of hopelessness without

---

1. In fact, insanity and premeditation are not mutually exclusive. To establish insanity under California law, the defendant must prove "that he or she was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense." Cal.Penal Code § 25(b). Incapacity to know the nature and quality of one's act and to distinguish right from wrong is not incompatible with capacity to premeditate and deliberate, which does not necessarily require knowledge or understanding of the nature of the act premeditated or deliberated. Indeed, California law explicitly provides that premeditation and deliberation do not require a showing that "the defendant maturely and meaningfully reflected upon the gravity of his or her act." Cal.Penal Code § 189.

even considering the potential benefit to be gained in persisting with the plea. "Reasonably effective assistance" would put on the only defense available, especially in a case such as this where there was significant potential for success.

A "reasonable probability" exists that, but for counsel's recommendation that Mirzayance withdraw his insanity plea, "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. If counsel had pursued the insanity phase of the trial, there is a reasonable probability—one "sufficient to undermine confidence in the outcome"— that the jury would have found Mirzayance insane. *Id.* As a result, Mirzayance would have been confined in a mental health facility rather than a prison, and confinement could be terminated when a sentencing court determined that his "sanity has been restored." Cal.Penal Code § 1026(a)-(b); *see also id.* § 190(a) (prescribing punishment for first-degree murder).

## IV.

We affirm the district court's grant of habeas relief, albeit on different grounds.[2] The petition for writ of habeas corpus is granted if, within one hundred and twenty (120) days from the date the mandate issues, the state court does not grant Mirzayance the opportunity to reinstate his NGI plea and to conduct a sanity phase of trial as to that defense.

AFFIRMED.

SUKO, District Judge, concurring in part and dissenting in part.

---

2. "We may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale."

SUKO, District Judge.

I concur in the conclusion of Part II of the memorandum disposition finding the district court and the magistrate judge misapprehended our prior remand order. However, as to Parts III and IV, I respectfully dissent as I believe the majority has erred in concluding petitioner's counsel's decision to advise the petitioner to withdraw his NGI plea constituted deficient performance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* mandates a highly deferential review of counsel's performance, viewed at the time of counsel's conduct. *Id.* at 689–90, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In addition, findings of fact made by the district court are reviewed for clear error. *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001). This standard is significantly deferential because "findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations." *Rand v. Rowland,* 154 F.3d 952, 957 n. 4 (9th Cir.1998) (en banc).

The purpose of the remand in this case was to permit the district court to resolve the "conflicting reasons for the abandonment of the insanity defense." E.R. 139. The factual questions involved in this inquiry were resolved by the district court against the petitioner. First, the district court found that the trial counsel had made a rational, carefully considered and informed decision to forgo the insanity defense. Second, the district court found

*Lambert v. Blodgett,* 393 F.3d 943, 965 (9th Cir.2004), *cert. denied,* —— U.S. ——, 126 S.Ct. 484, 163 L.Ed.2d 368 (2005).

that the petitioner's parents strong disinclination to testify amounted to an express refusal to testify. Third, the district court found the attorney's decision to recommend withdrawal of the insanity defense was not affected by financial concerns. The district court also found defense counsel had correctly concluded that his experts' testimony had "significant weaknesses," noting that there were "convincingly detailed ways in which they could have been impeached, for overlooking or minimizing facts which showcased Petitioner's clearly goal directed behavior." [ER 179.]

These explicit factual findings of the district court were made following a four-day evidentiary hearing. Given the record before the district court and the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, I would find that counsel's performance was not unreasonable and thus not ineffective under *Strickland.*

I particularly disagree with the majority's legal and factual conclusion that " '[r]easonably effective assistance' would put on the only defense available, especially in a case such as this where there was significant potential for success." This conclusion suggests that to avoid violating *Strickland,* an attorney must always advance any potentially non-futile, colorable, affirmative defense regardless of its questionable merit or arguable chance of success. This is not the standard established by *Strickland* and in fact suggests something more akin to the "nothing to lose" standard set forth in *Profitt v. Waldron,* 831 F.2d 1245 (5th Cir.1987). Furthermore, while there would have existed *a* potential for success had Mirzayance proceeded with his insanity defense, nothing in the record suggests he had (or is able to demonstrate) a *"significant* potential" or

even a reasonable probability of success. In fact, the record and findings of the district court suggest quite to the contrary. To summarize, his experts' testimony had significant weaknesses, there were at least two prosecution experts prepared to testify Mirzayance did not satisfy the legal test for insanity, his parents were not going to testify, and the jury had just found him guilty beyond reasonable doubt of wilful, deliberate, and premeditated murder in the first degree, despite his concession to murder in the second degree. Additionally, as the magistrate judge correctly noted in his report and recommendation, under California law, during the insanity phase of the trial the *petitioner* would have bore the burden of proving by a preponderance of the evidence that he was insane at the time of the offense. Counsel's assessment of Mirzayance's insanity defense was neither unrealistic, nor unreasonable at the time. Finally, it is worth noting the district court decision which this panel is reviewing did not address the issue of prejudice under *Strickland,* having found the question immaterial given its conclusion petitioner could not have succeeded in proving counsel's deficient performance. [ER 200.]

Because Mirzayance has not established either counsel's constitutionally deficient performance or prejudice, I would reverse the district court's grant of habeas relief and remand with instructions to deny the habeas petition under *Strickland.* I therefore respectfully dissent from Parts III and IV of the disposition.