SUKO, District Judge,
concurring in part and dissenting in part.
SUKO, District Judge.
I concur in the conclusion of Part II of the memorandum disposition finding the district court and the magistrate judge misapprehended our prior remand order. However, as to Parts III and IV, I respectfully dissent as I believe the majority has erred in concluding petitioner’s counsel’s decision to advise the petitioner to withdraw his NGI plea constituted deficient performance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Strickland mandates a highly deferential review of counsel’s performance, viewed at the time of counsel’s conduct. Id. at 689-90, 104 S.Ct. at 2065. “A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Id. In addition, findings of fact made by the district court are reviewed for clear error. Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir.2001). This standard is significantly deferential because “findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations.” Rand v. Rowland, 154 F.3d 952, 957 n. 4 (9th Cir.1998) (en banc).
The purpose of the remand in this case was to permit the district court to resolve the “conflicting reasons for the abandonment of the insanity defense.” E.R. 139. The factual questions involved in this inquiry were resolved by the district court against the petitioner. First, the district court found that the trial counsel had made a rational, carefully considered and informed decision to forgo the insanity defense. Second, the district court found *146 that the petitioner’s parents strong disinclination to testify amounted to an express refusal to testify. Third, the district court found the attorney’s decision to recommend withdrawal of the insanity defense was not affected by financial concerns. The district court also found defense counsel had correctly concluded that his experts’ testimony had “significant weaknesses,” noting that there were “convincingly detailed ways in which they could have been impeached, for overlooking or minimizing facts which showcased Petitioner’s clearly goal directed behavior.” [ER 179.]
These explicit factual findings of the district court were made following a four-day evidentiary hearing. Given the record before the district court and the strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance, I would find that counsel’s performance was not unreasonable and thus not ineffective under Strickland.
I particularly disagree with the majority’s legal and factual conclusion that “ ‘[Reasonably effective assistance’ would put on the only defense available, especially in a case such as this where there was significant potential for success.” This conclusion suggests that to avoid violating Strickland, an attorney must always advance any potentially non-futile, colorable, affirmative defense regardless of its questionable merit or arguable chance of success. This is not the standard established by Strickland and in fact suggests something more akin to the “nothing to lose” standard set forth in Profitt v. Waldron, 831 F.2d 1245 (5th Cir.1987). Furthermore, while there would have existed a potential for success had Mirzayance proceeded with his insanity defense, nothing in the record suggests he had (or is able to demonstrate) a “significant potential” or even a reasonable probability of success. In fact, the record and findings of the district court suggest quite to the contrary. To summarize, his experts’ testimony had significant weaknesses, there were at least two prosecution experts prepared to testify Mirzayance did not satisfy the legal test for insanity, his parents were not going to testify, and the jury had just found him guilty beyond reasonable doubt of wilful, deliberate, and premeditated murder in the first degree, despite his concession to murder in the second degree. Additionally, as the magistrate judge correctly noted in his report and recommendation, under California law, during the insanity phase of the trial the petitioner would have bore the burden of proving by a preponderance of the evidence that he was insane at the time of the offense. Counsel’s assessment of Mirzayance’s insanity defense was neither unrealistic, nor unreasonable at the time. Finally, it is worth noting the district court decision which this panel is reviewing did not address the issue of prejudice under Strickland, having found the question immaterial given its conclusion petitioner could not have succeeded in proving counsel’s deficient performance. [ER 200.]
Because Mirzayance has not established either counsel’s constitutionally deficient performance or prejudice, I would reverse the district court’s grant of habeas relief and remand with instructions to deny the habeas petition under Strickland. I therefore respectfully dissent from Parts III and IV of the disposition.