

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00015-CR

JOSHUA RAY TEMPLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28106

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Chief Justice Morriss

OPINION

After a jury trial, Joshua Ray Temple was found guilty of evading arrest or detention with a motor vehicle and was sentenced to forty years in prison. On appeal, Temple argues that he received ineffective assistance of counsel, the trial court erred by denying his counsel's motion to withdraw, and the trial court erred by denying his motion for continuance. We affirm the trial court's judgment because (1) Temple failed to show his counsel's performance was deficient; (2) the trial court was within its discretion to deny the motion to withdraw; and (3) no error regarding the motion for continuance was preserved.

In the latter part of 2018, Officer Jeffery Padier of the Paris Police Department was patrolling traffic in Paris, Texas, when he saw a vehicle being driven by Temple. Padier noticed that the vehicle had an expired registration sticker and was traveling faster than the other cars on the road. Padier activated his overhead lights and siren and pursued the vehicle, but lost sight of it after it made a series of turns. When Padier located the car again, it accelerated toward his marked patrol car. Anticipating a collision, Padier angled his car across the lane to absorb the potential impact. Temple stopped his car and quickly drove away in reverse. Temple's car hit a telephone pole, ending the pursuit and resulting in Temple's arrest.

Temple's indictment alleged that Temple used or exhibited the vehicle as a deadly weapon and that Temple had two prior felony convictions. In preparation for the jury trial set for January 2, 2019, Temple's court-appointed counsel, David Turner, met with Temple about five days earlier. Counsel claimed that, during his meeting, Temple "became very irate" with him and called him "any number of vulgar names," causing Turner to conclude that his resultant "intense dislike" for

2

Temple would impair his ability to exercise "appropriate judgment" and "give objective advice to him." After the meeting was terminated, counsel filed a motion to withdraw, alleging that he was "unable to effectively communicate" with Temple. The State opposed the motion, arguing that Temple merely wanted to delay his trial. Due to the end-of-year holidays, the hearing could not be held until December 31, 2018. The trial court denied the motion.

On January 2, 2019, the day of voir dire, but before jury selection, Temple made an oral motion for a thirty-day continuance so that he could obtain new counsel and prepare for trial. The trial court denied the motion, and as a result of trial, the jury found Temple guilty as charged, found that he used or exhibited his car as a deadly weapon, found the indictment's enhancement allegations to be true, and assessed Temple a sentence of forty years in prison. The trial court sentenced Temple accordingly.

*(1)      Temple Failed to Show His Counsel's Performance Was Deficient*

Temple argues that his trial counsel was ineffective because he failed to prepare for trial and held a personal animus against him.

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *See also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the

3

wide range of reasonable professional assistance." *Id.* at 689. "This measure of deference, however, must not be watered down into a disguised form of acquiescence." *Profitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) (finding counsel ineffective in failing to request medical records and relying on court-appointed competency examination when he knew client had escaped from mental institution).

The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in order to establish prejudice,

> an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at 687. It is not sufficient for Applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693 . . . Rather, [he] must show that "there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt." *Id.* at 695.

> . . . .

> The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999). The reviewing court must look to the totality of the representation, and its decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. In all cases, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding." *Id.* at 696, 104 S.Ct. 2052.

*Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

4

A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 834 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)).

Temple first argues that the "undisputed" evidence established that counsel did not meet with him until December 28, 2018, just days before trial, and therefore, counsel was ineffective because he "could not possibly" have prepared for trial. During the hearing on the motion to withdraw, Temple claimed not to have had a single conversation with counsel about the case. However, counsel's billing records, admitted after trial on January 8, 2019, indicate that counsel went to the jail and met with Temple on November 12, 2018, and December 18, 2018, in addition to their December 28 meeting. The record further reflects that counsel obtained discovery in the case before Temple's indictment on October 11, 2018. Temple fails to direct this Court to any other action or inaction of counsel indicating that he failed to prepare for trial. *See Ex parte Amezquita*, 223 S.W.3d 363, 368 (Tex. Crim. App. 2006) (counsel failed to investigate information indicating someone else committed offense); *Melton v. State*, 987 S.W.2d 72, 77 (Tex. App.—Dallas 1998, no pet.) (ineffective assistance for failing to independently investigate). Therefore, this argument fails.

5

Temple also argues that counsel was ineffective because he held a personal animus toward him. Counsel admitted to having personal animus toward Temple and voluntarily asked to be relieved from his appointed representation. However, counsel's dislike of his client does not constitute deficient performance for purposes of ineffective assistance. *Cf. In re A.H.L., III*, 214 S.W.3d 45, 54–55 (Tex. App.—El Paso 2006, pet. denied) (citing *Rickman v. Bell*, 131 F.3d 1150, 1158 (6th Cir. 1997)). Here, despite counsel's stated feelings, he did not express any hostility toward Temple in front of the jury, and even after his motion to withdraw was denied, he zealously advocated Temple's cause through his representation, filing a motion in limine, conducting a rigorous cross-examination of Padier, the State's sole witness, presenting the defense's case-in-chief through direct examination of Temple, and making impassioned and logical closing arguments. Therefore, this argument also fails.

We overrule this point of error.

*(2)    The Trial Court Was Within Its Discretion to Deny the Motion to Withdraw*

Temple also contends that the trial court erred in denying counsel's motion to withdraw.

A trial court has discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A trial court abuses its discretion when it acts without guiding rules or principles. *Robbins v. State*, 88 S.W.3d 256, 259–60 (Tex. Crim. App. 2002). We review the trial court's ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's judgment if it lies within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

The right to counsel may not be manipulated to obstruct the judicial process or interfere with the administration of justice. *King*, 29 S.W.3d at 566. Personality conflicts and disagreements about trial strategy typically are not valid grounds for withdrawal. *Id*. A trial court has no duty to search for counsel agreeable to a defendant. *Id*. Furthermore, a "defendant cannot wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he or she may retain other counsel." *Neal v. State*, 689 S.W.2d 420, 427 (Tex. Crim. App. 1984); *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd).

Here, counsel sought to withdraw after Temple got angry with him and called him vulgar names during their meeting at the jail on December 28, 2018. The State opposed the motion, arguing that Temple was deliberately attempting to engineer a way to delay his trial. Temple made several telephone calls from jail to his girlfriend in the days just before and just after his December 28 meeting with counsel, and recordings of those telephone calls were admitted into the record during the motion to withdraw hearing. The recordings revealed that Temple intended to fire his court-appointed counsel and hire other representation, but in order to do so, he needed more time. In the calls before the meeting, Temple told his girlfriend, "[I]f I don't have another lawyer when I get ready to fire [counsel], they won't let me fire him, and I'm gonna get stuck with him for this jury trial." He continued, "I got to get a lawyer, and get a continuance on [January] 2nd." Counsel filed his motion to withdraw on December 28, and in a telephone call the following day, Temple told his girlfriend, "With [counsel] quitting now, they've got to give me an extension."

7

Although counsel met with Temple November 12 and December 18, Temple did not ask counsel to withdraw at those meetings or secure different counsel. Based on the evidence, the trial court was within its discretion to find that Temple was manipulating his right to counsel by being intentionally uncooperative with counsel to get him to withdraw and trigger a continuance just days before trial. *See King*, 29 S.W.3d at 566; *Gilmore*, 323 S.W.3d at 264. Therefore, we overrule this point of error.

*(3)    No Error Regarding the Motion for Continuance Was Preserved*

Finally, Temple argues that the trial court erred in denying his oral motion for continuance. The State contends that Temple has failed to preserve this issue for our review. We agree.

On the written motion of either party that shows a sufficient cause that is set forth fully in the motion, the trial court may continue a criminal action. TEX. CODE CRIM. PROC. ANN. art. 29.03; *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005). Further, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08; *Harrison*, 187 S.W.3d at 434. The Texas Court of Criminal Appeals has "construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009), *declined to follow on other grounds*, *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) (citations omitted). Thus, when the trial court denies a party's unsworn oral motion for continuance, the party forfeits any right to complain about the denial on appeal. *Id.*

In this case, Temple did not file a sworn motion for continuance, but relied solely on his unsworn oral motion asserted on the morning of jury selection. Consequently, Temple forfeited his right to complain on appeal of the trial court's denial of his motion for continuance. *See id.* We overrule this issue.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    June 13, 2019
Date Decided:    July 3, 2019

Publish