

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00017-CR

---

ROY DEAN JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 16F-1126-005

---

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

While Roy Dean Jones led officers on a two-state motorcycle chase in Texarkana, Texas, and Texarkana, Arkansas, in mid-2016, a Texas-side police officer saw Jones' face sufficiently to identify him and an Arkansas-side police officer read the license plate on his motorcycle. In the post-event investigation, officers from both states shared information, including the license number, allowing officials to "run" the plate, to determine Jones' ownership of the motorcycle, and to arrest him after the fact.[1] That led to Jones' conviction for evading arrest with a vehicle[2] and this appeal, in which Jones claims that his trial counsel was ineffective in failing to make a hearsay or Rule 602 objection to officers' testimony concerning the license on his motorcycle, originally identified only by the nontestifying Arkansas-side officer. Because Jones' counsel was not ineffective in not so objecting, we affirm Jones' conviction and sentence.

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). To prevail on a claim of

---

[1]Texarkana, Texas, police officer Bo Carter observed a white man with long, white hair and a white beard unsteadily operating a motorcycle the night of July 15, 2016. Carter then saw the rider fail to completely stop at an intersection controlled by a stop sign. Concerned the rider could be intoxicated, Carter tried to conduct a traffic stop, but the rider failed to yield or pull over. Carter pursued, but called for another officer to take over the pursuit. Officer Colten Johnson was in the area and took over for Carter. The rider still would not yield and crossed into the Arkansas side of Texarkana. Police departments on both sides of the city use a common channel, and Arkansas officer Josh Jones took over the chase. Eventually, the rider went back to the Texas side, but continued to elude officers from both sides. At one point, the rider turned around, and Texas-side officer Johnson testified that, for the brief moment the rider drove toward Johnson, he saw the rider's face. At trial Johnson identified Jones as the rider. None of the three police officers who testified could read the motorcycle's license plate number. Arkansas officer Jones testified that another Arkansas officer named Hagan was able to read the plate number; but apparently it was not shared until after the chase. The rider was not apprehended the night of the chase. Law enforcement ran the license plate number obtained by Hagan, which reported ownership in Richard Turner. Several officers went to Turner's home, where Turner reported having sold the bike to Jones. Law enforcement obtained a driver's license photo of Jones. Johnson, who briefly had passed the motorcycle rider face to face on the night of the chase, identified that license photo as the driver.

[2]*See* TEX. PENAL CODE ANN. § 38.04. Though Jones pled not guilty to the charge, he pled true to two enhancement allegations and was sentenced to thirty-five years' incarceration and ordered to pay a $10,000.00 fine.

ineffective assistance of counsel, the defendant must satisfy the two-pronged *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *see also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).

The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "This measure of deference, however, must not be watered down into a disguised form of acquiescence." *Profitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) (finding ineffective assistance where counsel failed to request medical records and relied on court-appointed competency examination when he knew client had escaped from mental institution).

The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Thus, to establish prejudice,

> an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at 687 . . . . It is not sufficient for Applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693 . . . . Rather, [he or she] must show that "there is a reasonable probability that, absent the errors, the fact[-]finder would have had a reasonable doubt respecting guilt." *Id.* at 695 . . . .
>
> . . . .

> The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999). The reviewing court must look to the totality of the representation, and its decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias. *Strickland*, 466 U.S. at 690 . . . . In all cases, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding." *Id.* at 696 . . . .

*Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)).

"Trial counsel should generally be given an opportunity to explain his actions before being found ineffective." *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Jones complains trial counsel should have objected to the witnesses who referred to or testified about the license plate number that was obtained by a witness who did not testify at trial.

Jones claims this testimony was inadmissible as hearsay and under Rule 602 of the Texas Rules of Evidence, which requires a witness to have personal knowledge of the matter to which the witness testifies. *See* TEX. R. EVID. 602.[3]

Jones' chase involved various pursuing officers who had to trade off pursuit as he crossed back and forth between states. Necessarily, the various officers were communicating with each other via radio. The pursuit happened after dark. Where some officers could not read the license plate on Jones' motorcycle, one did. That officer, logically, shared the information with his fellow officers in the post-pursuit investigation.

Even if trial counsel had voiced a hearsay objection or had objected under Rule 602 to the testimony regarding the license plate number, the State could have introduced the same evidence under the notion that witnesses may answer questions to furnish the jury with background information.[4] For example, in *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995), the court found that an appointment book and patient application with the defendant's name were offered to show how Dinkins became a suspect, not for the truth of the matter asserted in their contents. While Dinkins used a suppression motion to challenge testimony he claimed was hearsay, his situation was analogous to the complaint lodged here by Jones. In neither case was the State required to prove how the accused became a suspect. Rather, the information was elicited

---

[3]"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." TEX. R. EVID. 602.

[4]How Jones came to be a person-of-interest, or suspect, in this case was not an element of the offense of evading arrest or detention with a vehicle. Even if trial counsel successfully made an objection that the testifying officers did not of their own personal knowledge know the license plate of the motorcycle Jones was riding, Jones' counsel would not have excluded from the jury's consideration the other evidence of Jones' identity as the runaway biker.

in each case to give the jury a fuller sense of how law enforcement developed the accused as a suspect. Faced with a record silent as to counsel's reasons for the trial choices, we must conclude it could have been a reasonable strategy not to challenge evidence that was not part of the State's case-in-chief and could have been introduced through another theory.

Even had Jones shown his counsel's performance to have been deficient, he has not demonstrated a substantial chance that the proceeding would have had a different outcome had counsel lodged an objection under Rule 602. As described above, such a successful objection would not have resulted in the exclusion of any evidence needed to prove the State's case beyond a reasonable doubt. The State still would have proven that Jones was the motorcycle rider who evaded officers' lawful attempts to stop him. It still would have been able to introduce evidence that Officer Johnson saw Jones' face at one point during the chase, that Jones was the rider as established by comparison to a driver's license photograph, and that Turner identified Jones as the man to whom Turner sold the motorcycle used in the effort to evade officers.

Jones fails to establish either element of the *Strickland* standard for showing ineffective assistance of counsel. We affirm the trial court's judgment.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:     September 17, 2019
Date Decided:       October 9, 2019

Do Not Publish